**EXHIBIT 2**

| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF MOUNTRAIL | NORTH CENTRAL JUDICIAL DISTRICT |

| | |
|---|---|
| Dennis Weflen,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Hess Bakken Investments II, LLC,<br><br>　　　　　　Defendant. | Case No. 31-2023-CV-00171<br><br>**COMPLAINT** |

**COMES NOW**, Plaintiff, Dennis Weflen, for his cause of action against Defendant, Hess Bakken Investments II, LLC, states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Dennis Weflen ("Weflen"), owns certain real property located in Mountrail County, North Dakota, described as follows:

    **Township 157 North, Range 94 West, 5th P.M.**
    **Section 6: SE/4NE/4**

(hereinafter, the "Property").

2. Upon information and belief, Defendant, Hess Bakken Investments II, LLC ("Hess"), is a foreign limited liability company in good standing with the North Dakota Secretary of State with a principal address of 1501 McKinney St., Houston, Texas 77010-4010.

3. The Court has jurisdiction over this matter because the causes of action asserted herein involve real property located in Mountrail County, and the parties either reside in, or transact business within, the State of North Dakota.

4.      Venue is proper in Mountrail County pursuant to N.D.C.C. § 28-04-01 because this action affects real property situated in Mountrail County, and the determination as to rights and claims as between the parties related to real property located in Mountrail County.

5.      The parties are subject to the personal jurisdiction of the Court because the parties either reside or transact business within the State of North Dakota, and the causes of action asserted herein involve real property located in the State of North Dakota.

## FACTUAL BACKGROUND

6.      As the owner of the Property, Weflen has the exclusive right to use and possess the Property, along with the exclusive right to the benefits derived from his ownership, such as rents and profits.

7.      The Property is used in part for agricultural purposes. Weflen has a long history of successfully haying the Property.

8.      As the owner of the Property, Weflen was entitled to receive notice of operations from Hess as provided for in North Dakota Century Code Chapter 38-11.1 (the "Surface Damages Statute").

9.      On September 21, 2022, Hess sent Weflen a notice that it intended to conduct drilling operations on the Property consisting of, among other things, construction of a location and various associated facilities, including but not limited to, a tank battery, treater, construction of electric line facilities and pipeline facilities, the construction of an access road, and the drilling and completion of the TI-Ives Well Pad.

10.     Hess constructed the TI-Ives-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H-2, TI-Ives-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H-3, TI-Ives-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H-4, and TI-Ives-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H-5 wells (collectively, the "TI-Ives Well Pad") in 2022 and 2023.

11.     Hess offered Weflen a total surface damage payment of $24,000.00 and annual compensation of $300.00 per acre for all areas of nonproductive cropland and/or grassland that is associated with the constructed well pad, including any access road, based on the as-built survey of the total disturbed acreage.

12.     On September 21, 2022, Hess sent Weflen an additional notice that it intended to conduct drilling operations on his Property in which it would construct the pipeline right-of-way consisting of four (4) 3" Steel Flow lines, a fiber optic cable, and ESD Cable/Control Cable (hereafter, the "Pipelines").

13.     Hess offered Weflen a lump sum payment of $12,800.00 to compensate Weflen for the Pipelines, $325.00 per rod as Easement or Right-of-Way payment under N.D.C.C. § 38-11.1-04 for all affected lands attributed to the pipeline installation, and $75.00 per rod compensation under N.D.C.C. § 38-11.1-08.1 for loss of agricultural production.

14.     Weflen objected to Hess constructing its Pipelines on his Property, and did not give Hess permission to construct its Pipelines on his Property.

15.     Weflen rejected all offers presented by Hess in the September 21, 2022, notices. Weflen rejected the offers because they were not fair and reasonable compensation values as evidenced, in part, by the terms of other offers Hess made to land owners in the surrounding area with similarly situated property. What's more, Weflen objected and did not give Hess permission to construct its Pipelines on his Property.

16.     Despite Weflen's objections and his rejecting Hess's request for permission to construct the well pads in the absence of a Surface Use Agreement agreed upon by the parties, Hess moved forward with the construction of the TI-Ives Well Pad.

17. Weflen is entitled to compensation from Hess pursuant to the Oil and Gas Production Damage Compensation statutes, at Chapter 38-11.1, N.D.C.C. (hereafter, the "Surface Damages Statute"), for any damages in lost land value, lost use of and access to his Property, and lost value of improvements caused by Hess's drilling operations, including the TI-Ives Well Pad. Weflen is also entitled to compensation from Hess pursuant to the Surface Damages Statute for the loss of agricultural production and income caused by Hess's oil and gas production and completion operations.

18. Hess has yet to compensate Weflen for the damages he has sustained due to its drilling operations on his Property. Weflen is entitled to compensation under the Surface Damages Statute for all damages he has sustained due to Hess's activities on his Property.

19. Weflen did not, and does not, consent to Hess, its agents, or any third parties entering his Property for the purpose of inspecting, surveying, staking, or evaluating his Property for its Pipelines, or for the purpose of constructing the Pipelines.

20. Hess, by and through its agents, interfered with Weflen's Property by inspecting, measuring, and staking a location in preparation to install the Pipelines.

21. Upon information and belief, Hess built its Pipelines on Weflen's Property.

22. Weflen has suffered damages due to Hess's trespass.

### COUNT ONE – SURFACE DAMAGES STATUTE – DAMAGE AND DISRUPTION PAYMENT

23. Weflen hereby realleges each and every preceding paragraph.

24. Weflen is the surface owner of the Property.

25. Hess is engaging, and/or has engaged, in drilling operations on Weflen's Property consisting of, among other things, the construction of well site locations and various

4

associated facilities, including but not limited to, a tank battery, separator, treater, the construction of electric line facilities and pipeline facilities, the construction of an access road, the drilling and completion of the TI-Ives Well Pad.

26. Hess's drilling operations have directly affected Weflen's Property.

27. Weflen has sustained damages for lost land value, lost use of and access to his land, and lost value of improvements.

28. Hess has made no payment to Weflen for his damages for lost land value, lost use of and access to his land, and lost value of improvements.

29. Pursuant to N.D.C.C. § 38-11.1-04, Weflen is entitled to compensation from Hess of a sum of money equal to the amount of damages for lost land value, lost use of and access to his land, and lost value of improvements caused by Hess's drilling operations on the Property.

### COUNT TWO – SURFACE DAMAGES STATUTE – LOSS OF PRODUCTION PAYMENTS

30. Weflen hereby realleges each and every preceding paragraph.

31. Weflen is the surface owner of the Property.

32. Weflen successfully engages in agricultural practices on the Property, including haying.

33. Hess is engaging, and/or has engaged, in drilling operations on Weflen's Property consisting of, among other things, the construction of well site locations and various associated facilities, including but not limited to, a tank battery, separator, treater, the construction of electric line facilities and pipeline facilities, the construction of an access road, the drilling and completion of the TI-Ives Well Pad.

5

34. Weflen has sustained damages for loss of agricultural production and income caused by Hess's oil and gas production and completion operations on the Property.

35. Hess has made no payment to Weflen for his damages for loss of agricultural production and income caused by Hess's oil and gas production and completion operations on the Property.

36. Pursuant to N.D.C.C. § 38-11.1-08.1, Weflen is entitled to compensation from Hess equal to the amount of damages for his loss of agricultural production and income caused by Hess's oil and gas production and completion operations on the Property.

## COUNT THREE - TRESPASS

37. Weflen hereby realleges each and every preceding paragraph.

38. Hess did not have permission, authorization, consent, or any other privilege to construct its Pipelines on the Property.

39. Hess, by and through its agents, intentionally and without consent or any other privilege entered the Property or caused a third person to do so, for the purposes of inspecting, staking, or evaluating the Property for its Pipelines, and/or for the purpose of constructing its Pipelines.

40. Hess constructed its Pipelines on Weflen's Property.

41. Hess and its agents have interfered with Weflen's Property.

42. As a result of Hess's actions, Weflen has suffered damages.

## COUNT FOUR – DECLARATORY JUDGMENT

43. Weflen hereby realleges each and every preceding paragraph.

44. Based on the foregoing, an actual controversy exists between Weflen and Hess that warrants declaratory relief.

45.     Pursuant to N.D.C.C. Chapter 32-23, Weflen is entitled to a judgment declaring that Hess was, and is, prohibited from installing its Pipelines on his Property without his consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Weflen, prays for the following relief:

1. For damages pursuant to the Surface Damages Statute in an amount to be proved at trial;

2. For damage occasioned by Hess's trespass;

3. That Hess be permanently refrained and enjoined from entering Weflen's Property to install a pipeline, until and unless Weflen and Hess agree upon a Right of Way or Easement permitting the installment of a pipeline on the Property;

4. That Hess be permanently refrained and enjoined from instructing its agents or other third parties to enter Weflen's Property to prepare for or install the Pipelines, until and unless Weflen and Hess agree upon a Right of Way or Easement permitting the installment of its Pipelines on the Property;

5. In the alternative, for damages caused by and related to Hess installing its Pipelines on the Property without Weflen's permission;

6. For the relief requested herein as against Hess;

7. For costs, disbursements, and attorneys' fees to the extent allowed by law; and

8. For such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff Weflen respectfully demands a jury trial on all claims that are so triable by the maximum number of jurors allowed by law.

Dated this 2nd day of August, 2023.

                            **VOGEL LAW FIRM**

                            */s/ Joshua A. Swanson*
BY:  Joshua A. Swanson (#06788)
       Jack M. Buck (#09539)
       218 NP Avenue
       PO Box 1389
       Fargo, ND  58107-1389
       701.237.6983
       Email:    jswanson@vogellaw.com
                      jbuck@vogellaw.com
       ATTORNEYS FOR PLAINTIFF

d5163994.1